IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-00198-SKC-NRN

MYRON SWAYZER,

    Plaintiff,

v.

SABASTIAN HERNANDEZ, *et al.*,

    Defendants.

## ORDER

According to the Amended Complaint, when Plaintiff Myron Swyzer was incarcerated at the Crowley County Correctional Facility, several of his cellmates threatened to harm him. When he requested placement in restrictive housing, the Defendants denied his requests and instead moved him to different cells. After further threats and Plaintiff's third move, which was to the medical unit, Plaintiff was finally transferred to restrictive housing. *See* Dkt. 11.

Plaintiff filed this case pro se on January 22, 2024, and Judge Babcock ordered that all but one of his claims be dismissed. Dkt. 17. Thus, a single claim remains asserting that Defendants Hernandez and Rivas[1] violated Plaintiff's Eighth

---

[1] Plaintiff also asserted this claim against Defendant Graves, who has not been served and has not entered an appearance in this matter.

1

Amendment rights. These Defendants filed a Motion to Dismiss arguing Plaintiff has failed to state a plausible claim for relief. Dkt. 24. The Court referred Defendants' Motion to Magistrate Judge N. Reid Neureiter. On March 13, 2025, Judge Neureiter issued his Recommendation that Defendants' Motion be granted and the claims against them be dismissed. Dkt. 39.

On March 27, Plaintiff filed a motion requesting additional time to file his objections to Judge Neureiter's Recommendation. Dkt. 40. The Court granted Plaintiff's request and gave him to and including May 12, 2025, to file his objections. Dkt. 42. On May 12, Plaintiff filed a "Motion To [sic] Oppose Dismissal of the Plaintiff's Motion." Dkt. 44. Because it was filed on the deadline for his objections, and because Plaintiff has not submitted any other materials, the Court has construed the "Motion" to be his objection. Defendants also construed this document to be Plaintiff's objection and filed their Response on June 2, 2025. Dkt. 48.

Having reviewed the Amended Complaint, the Motion to Dismiss and its related briefing, the Recommendation, and the Objection and Response, the Court agrees with Judge Neureiter's thorough and well-reasoned conclusion that Plaintiff has failed to state a claim against these Defendants. Accordingly, the Court OVERRULES Plaintiff's objections and AFFIRMS and ADOPTS the Recommendation.

**LEGAL STANDARDS**

**1.     Review of a Magistrate Judge's Recommendation**

"'The filing of objections to a [magistrate judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute,' and gives the district court an opportunity 'to correct any errors immediately.'" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (cleaned up; citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the [Magistrates] Act . . . ," including judicial efficiency. *Id.* at 1060. "[A]llowing parties to litigate fully their case before the magistrate [judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (citation omitted).

The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel*, 73 F.3d at 1060; *see also* Fed. R. Civ. P. 72(b)(2). "Objections disputing the correctness of the magistrate judge's recommendation, but failing to specify the findings believed to be in error are

3

too general" and may result in a waiver of the objections. *Kazarinoff v. Wilson*, No. 22-cv-02385-PAB-SKC, 2024 WL 98385, at *2 (D. Colo. Jan. 9, 2024) (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished)). And "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (cleaned up) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

When no party files an objection, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

## 2. Treatment of a Pro Se Plaintiff's Pleadings

A pro se litigant's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But a pro se litigant must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on behalf of a pro se litigant. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority,

4

confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as the pro se plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## ANALYSIS

In his Recommendation, Judge Neureiter conducted a thorough analysis of whether Plaintiff had stated a claim under the Eighth Amendment. Although Judge Neureiter concluded Plaintiff's allegations established he was incarcerated under conditions posing a substantial risk of serious harm, he also determined Plaintiff had failed to plausibly allege Defendants acted with deliberate indifference to the risk. Dkt. 39, pp.6-8. He then, therefore, recommended that the claims against Defendants Hernandez and Rivas be dismissed.

In his objection, Plaintiff does not identify any factual or legal errors in Judge Neureiter's Recommendation. Dkt. 44. To be sure, the objection does not address the Recommendation at all. *Id*. Instead, Plaintiff simply realleges the allegations from his Amended Complaint and contends he has stated a claim for relief. *Id*. Ultimately, Plaintiff's arguments amount to little more than a dispute as to the correctness of the magistrate judge's conclusion, which is not sufficient to warrant *de novo* review. *Kazarinoff*, 2024 WL 98385, at *2.

In the absence of specific objections, the district court reviews the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is

5

something less than a "clearly erroneous or contrary to law" standard, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b). The Court has reviewed the Recommendation accordingly and concludes that it is thorough, well-reasoned, and correctly applies the facts and law. There is no clear error on the face of the record regarding the Recommendation.

*   *   *

For the reasons shared above, the Court OVERRULES Plaintiff's objections to the Recommendation. The Court AFFIRMS and ADOPTS Judge Neureiter's analysis and conclusion that Plaintiff has failed to allege a plausible claim of relief against either Defendant. Plaintiff's claims against Defendants Hernandez and Rivas are dismissed without prejudice.[2]

Further, Plaintiff has failed to serve the sole remaining Defendant, Lieutenant Graves, under Fed. R. Civ. P. 4(m). And even if he had timely served this Defendant, his claim would fail against Defendant Graves for the reasons stated above. Therefore, the Court also dismisses the claims against Defendant Graves, without prejudice, for failure to effectuate service under Rule 4(m) and for failure to state a claim under Rule 12(b)(6).

DATED: September 8, 2025.

---

[2] The Court dismisses the claims without prejudice because "ordinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice[.]" *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

BY THE COURT:

_____
S. Kato Crews
United States District Judge